UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CORTEZ JONES,<br><br>      Plaintiff,<br><br> v.<br><br>SEATTLE CITY HALL<br><br>      Defendant. | CASE NO. 2:23-cv-01301-RAJ<br><br>ORDER DENYING IFP APPLICATION AND DISMISSING CASE WITHOUT PREJUDICE |

  *Pro se* Plaintiff, Cortez D. Jones, filed an unsigned complaint alleging "Seattle City Hall works with Satya Nadella & Ferguson to rob Cortez Duandre Jones Jean Marie Tritant." The complaint also names Seattle Police Headquarters, Seattle Police, and Adrian Diaz and alleges "robbery leading into murder" and "discrimination." Dkt. 1. Plaintiff also seeks to proceed *in forma pauperis* (IFP). *Id.*

  Under 28 U.S.C. § 1915(e), the Court must dismiss IFP complaints if "at any time" it is determined the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); *see also id.* § 1915A(b)(1); *Lopez v. Smith*, 203 F.3d

1122, 1127 (9th Cir. 2000) (Section 1915(e) applies to all IFP proceedings, not just those filed by prisoners).

Plaintiff does not indicate the legal basis for this Court to consider his complaint. Assuming Plaintiff is alleging a violation of his federal rights, the Court construes the action as brought under 42 U.S.C. § 1983. To sustain a § 1983 civil rights claim, Plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, Plaintiff must allege facts showing how individually named Defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691–94 (1978). Rather, Plaintiff must allege a Defendant's own conduct violated his civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–90 (1989).

The Court has reviewed Plaintiff's complaint and DENYS the IFP application and DISMISSES the case without prejudice for the following reasons. First the complaint fails to set forth sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Labels and conclusions, lacking factual enhancement are insufficient. *Id.* The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

ORDER DENYING IFP APPLICATION AND
DISMISSING CASE WITHOUT PREJUDICE -
2

(2007). The complaint lists names of potential Defendants but fails to provide any facts regarding the acts they allegedly committed that Plaintiff contends violated his rights.

Second, the *in forma pauperis statute* accords Judges not only the authority to dismiss a claim based on an indisputably meritless legal theory but also the power to dismiss claims whose factual contentions are clearly baseless, including allegations that are fanciful, fantastic, and delusional. *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Here, the complaint alleges in a disjointed way a robbery and murder involving the city hall, Nadella and Ferguson. These are fantastical allegations subject to dismissal.

And third, the present complaint is duplicative of other complaints Plaintiff has filed. *See e.g., Jones v. Microsoft, et al.,* 23-1297-JHC (Suing Satya Nadella and Bob Ferguson – Order Denying IFP issued 8/25/2023); *Jones v. Harell*, 23-1153-RSM (Suing City of Seattle, Seattle Police and Seattle City Hall-Order Denying IFP issued 8/21/23). Courts have uniformly agreed that, at a minimum, a malicious lawsuit is one that is duplicative of another federal lawsuit involving the same plaintiff and defendant. *See, e.g., McWilliams v. Colorado*, 121 F.3d 573 (10th Cir. 1997) (affirming dismissal of § 1983 complaint as frivolous where it duplicated a prior federal lawsuit); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993) (affirming dismissal of duplicative complaint under pre–PLRA version of 28 U.S.C. § 1915(e)); *Murillo v. Taylor*, 2015 WL4488060, at *15–16 (S.D. Cal. July 22, 2015); *Meadows v. Woods*, 156 F.R.D. 165, 166 (W.D. Tenn 1994) (dismissing complaint as frivolous under pre-PLRA version of 28 U.S.C. § 1915(e)); *Adams v. California Department of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007) ("Plaintiffs generally have no right to maintain two separate actions

ORDER DENYING IFP APPLICATION AND DISMISSING CASE WITHOUT PREJUDICE - 3

involving the same subject matter at the same time in the same court against the same defendant."). The present matter is duplicative of prior suits Plaintiff has already filed in this Court. The Court accordingly DENIES the IFP application and DISMISSES the complaint.

For the foregoing reasons the Plaintiff's IFP application is DENIED, and the complaint is DISMISSED without prejudice. The clerk is directed to close this case.

DATED this 29th day of August, 2023.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge